UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.:   3:04cr95/MCR/CJK
                  3:14cv273/MCR/CJK

ANDRE WILLIAMS
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 52). Although Defendant has not properly completed the § 2255 form, he will not be required to amend. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was convicted after a bench trial of bank robbery and associated firearms offenses and sentenced to a term of life imprisonment (docs. 25, 29). Defendant appealed his conviction for being a felon in possession of a firearm, and

the Eleventh Circuit affirmed on November 23, 2005 (doc. 49). Nothing further was filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on June 11, 2014. Defendant now claims that his sentence should be vacated and he should be resentenced in accordance with the Supreme Court's recent decisions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant claims that his motion is timely pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decisions in *Alleyne* and *Descamps*. The Eleventh Circuit and other appellate courts have held that *Alleyne* is not retroactively applicable on collateral review. *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *United States v. Miller*, 542 F. App'x 526, 528 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–1030 (10th Cir. 2013). Similarly, *Descamps* also has not been found to be retroactive. *See United*

*States v. Boykin*, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on *Descamps* as untimely); *Larvie v. United States*, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on *Descamps* and noting that court had found no cases that had found *Descamps* retroactively applicable on collateral review); *Pulley v. United States*, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that *Descamps* broke no new ground and thus did not "revive the one year limitations period of § 2255") (citing *Baker v. Zych*, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that *Descamps* is not retroactive on collateral review); *Valencia–Mazariegos v. United States*, Case Nos. A-14-CV-338-SS, A-09-CR-228-SS, 2014 WL 1767706, at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review"). Therefore, Defendant's motion is untimely and should be dismissed.[1]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

---

[1] Defendant's complete reliance on *Alleyne* and *Descamps* forecloses the need for a discussion of equitable tolling.

Case Nos.: 3:04cr95/MCR/CJK; 3:14cv273/MCR/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 52) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of June, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:04cr95/MCR/CJK; 3:14cv273/MCR/CJK