UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.  3:04cr95/MCR/CJK
             3:16cv431/MCR/CJK

ANDRE WILLIAMS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 72). Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Andre Williams was convicted of bank robbery and associated firearms offenses, and he was sentenced to a term of life imprisonment in February 2005. (ECF Nos. 25, 29). Defendant appealed his conviction for being a felon in possession of a firearm, and the Eleventh Circuit Court of Appeals affirmed. *See United States v. Williams*, 156 F. App'x 160 (2005) (ECF No. 49).

In June 2014, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* ECF No. 52). Defendant's motion was summarily denied and dismissed as untimely, and a certificate of appealability was denied. (ECF Nos. 54, 56, 57). Defendant appealed, and the Eleventh Circuit Court of Appeals denied a certificate of appealability finding that reasonable jurists would not debate the conclusion that his motion was untimely. (*See* ECF No. 64).[1]

In the instant motion, Defendant seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 72). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider

---

[1] On July 1, 2016, Defendant filed a "Motion for Appropriate Relief" which the court denied, instructing him that he must obtain the necessary authorization before the court could entertain a successive § 2255 motion. (*See* ECF Nos. 65, 66). Defendant appealed this order. (*See* ECF Nos. 67-71).

Case Nos.: 3:04cr95/MCR/CJK; 3:16cv431/MCR/CJK

the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996).  Defendant filed an application to file a second or successive motion under § 2255.  On August 8, 2016, the Eleventh Circuit Court of Appeals denied Defendant's application because he failed to make a *prima facie* showing that he would benefit from *Johnson* because he has four prior convictions that qualify as ACCA violent felonies under current, binding precedent.  (ECF No. 71).  Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

Case Nos.: 3:04cr95/MCR/CJK; 3:16cv431/MCR/CJK

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 72) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:04cr95/MCR/CJK; 3:16cv431/MCR/CJK

Page **5** of **5**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:04cr95/MCR/CJK; 3:16cv431/MCR/CJK