UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:04cr95-MCR

ANDRE WILLIAMS

_____/

### DEFENDANT'S REPLY

Defendant, Mr. Andre Williams, through undersigned counsel, respectfully replies to the Government's Response, Doc 88, and appreciates its timeliness. But the Government's position is unsound.

First, it chooses to overlook the fact that Mr. Williams suffers a terminal medical condition, as defined in U.S.S.G. § 1B1.13, cmt. n.1(A), and as verified by Dr. Dennis Williams. Doc 87 at & Ex. A. Instead of the Cardiologist's detailed evaluation, it relies on the Warden's summary denial, which "was short on both compassion and legal analysis." *United States v. Mitchell,* No. 4:09cr26-RH (N.D. Fla. Feb. 3, 2020), Doc 144 at 6.[1]

Second, the Response does not accord any consideration to the fact that Mr. Williams is an Honorably Discharged military veteran and whether his service to

---

[1] BOP's pro forma denial carries no force now, because Congress gave this Court the statutory responsibility to decide whether to extend compassionate release to Mr. Williams. Only the Court is charged with considering the compassionate reasons for granting an earlier release and the appropriate sentence under 18 U.S.C. § 3553(a).

his country should impact how his life ends. Similarly, it gives no credit to his excellent institutional record and demonstration of personal maturation.

Third, the Response focuses entirely on the circumstances and the § 3553(a) evaluation from the perspective of 2004, when it cannot be credibly argued that Mr. Williams is any condition <u>now</u> to be a danger to public safety. *Accord, Mitchell, supra.* The Response did not address the fact that the Court can impose conditions of supervision including home confinement and electronic monitoring that would address any public safety concerns that might remain.

Finally, the Response fails to address the elevated risk of dying from coronavirus in prison.

Without in any way undermining the Court's statutorily-mandated Life sentence in 2005, the considerations in deciding now that a 78-year-old veteran still deserves to die in prison are qualitatively different. He has been punished for 16 years, what would have been his Golden years. He deserves to be able to spend the little life he has remaining with his family. A sentence of time served will be "sufficient" but "not greater than necessary" now given his terminal health condition.

**WHEREFORE**, Mr. Williams respectfully requests that this Honorable Court grant him a compassionate release, with any conditions the Court deems appropriate.

## **CERTFICIATE OF SERVICE**

I CERTIFY that a copy of the foregoing has been furnished by ECF to counsel of record and by U. S. Mail to Mr. Williams, this March 25, 2020. This pleading has 383 words.

                                 Respectfully submitted,

                                 RANDOLPH P. MURRELL
                                 FEDERAL PUBLIC DEFENDER

                                 */s/ Gwendolyn Spivey*
                                 GWENDOLYN SPIVEY
                                 Assistant Federal Public Defender
                                 Florida Bar No. 0295450
                                 227 N. Bronough Street, Suite 4200
                                 Gwen_Spivey@fd.org
                                 850.942.8818
                                 Counsel for Mr. Williams